June 15, 1908.

————o————

No. 4467.

(Court of Appeal, Parish of Orleans.)

## WOODWARD, WIGHT & CO., LTD., VS. PATORNO, TOUZET & CO.

The principal ought to reimburse the expenses and charges which the agent has incurred in the execution of the mandate and pay his commission where one has been stipulated.

If there be no fault imputable to the agent, the principal cannot dispense with this reimbursement and payment, even if the affair has not succeeded; nor can he reduce the amount of reimburse-

ment under pretense that the charges and expenses ought to have been less.

Appeal from Civil District Court, Division D.

F. Rivers Richardscn, for Plaintiff and Appellee.

P. J. Patorno, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff sued to recover three hundred dollars ($300), averring in its petition that it purchased at the direction of and for account of defendants, who were engaged in the business of drilling wells, two (2) water swivels from A. B. Blakemore, paying the latter for same three hundred dollars ($300); that the swivels were delivered to the defendant firm and they were billed fcr the swivels at the same price paid for them by plaintiff ($300); that plaintiff acted solely as the purchasing agents of said defendant and made no profit on the transaction.

Plaintiff prays for judgment against the defendant and its members in solido.

The answer is a general denial coupled with the special averment that they ordered *from plaintiffs* one pair of four inch swivels, but deny liability for the price on the ground that they were unfit for use and that plaintiff had been so notified.

Judgment below was in favor of plaintiff, and the defendant has appealed.

It is elementary that when *an agent, in good faith,* purchases and pays for the article, his principal is bound to reimburse him, even though the thing should prove subsequently to be deficient or defective. C. C. 3022; 18 A. 342; 36 A. 386.

Though the defendant avers that they *ordered from plaintiff* one pair of swivels, the record shows that plaintiff was instructed to buy a certain swivel manufactured by A. B. Blakemore, the latter being given no discretion as to where the purchase should be made. It is further shown that the defendant did not itself make the deal for the swivels with Blakemore, because the latter was a rival of defendant's in the same character of business. The reason for buying from Blakemore through the plaintiff is perfectly obvious. The record shows conclusively that it was entirely as an accommodation to defendant, who were its cus-

288

tomers, that plaintiff consented to buy the swivels for defendant. It is shown that plaintiff does not deal in swivels and does not keep these in stock, and it is not pretended, and indeed, it is shown, that they are not experts on such machinery. The efforts of defendant to show, first, that the swivels were defective when delivered to them and were never fit for use at all, and second, that they at once notified the plaintiff with instructions not to pay for same, cannot avail them, because not only is the proof administered for defendant showing the exact trouble with the swivels not convincing, but even if it were shown that the swivels were defective originally, we do not think that fact to be of the essence in the present controversy. This is a question which would be material in another action, but about which this Court need not concern itself here.

The next ground taken by defendant, to the effect that they at once notified plaintiff with instructions not to pay, cannot be sustained. This is a fact about which we find both oral and written evidence in the record.

True, there is some testimony given by the purchasing agent of plaintiff to the effect that he notified his firm (plaintiff) not to pay, doing so as per instructions from defendant; but this witness is contradicted, or at least, the cashier, whose duty it is to pay such bills, denies that he received such notice, and he seems to be borne out in his recollection of the transaction by the following letter, which is so significant that we embody it, as follows:

"New Orleans, July 24, 1906. — Woodward & Weight Co., Ltd., City: Gentlemen—Some time ago we requested you to purchase for us from A. B. Blakemore, of this city, a pair of water swivels. The reason of this request was that Blakemore swivels were represented to be adapted for heavy work, that is, drilling to a considerable depth.

Through your kind favors we received the swivels and started to use same, but soon both got out of order. We returned one to Blakemore to be repaired and we received one in exchange; to be brief, the two swivels have given us considerable trouble, notwithstanding the utmost care taken of them in the shape of continually oiling, etc. This fact is well known to Mr. Blakemore's employes, who have been and are now engaged in doing plumbing work where we are drilling, that is, at the Elk's Home.

·289

Under the circumstances, we would request of you to withhold payment of the same until Blakemore can be communicated with both as to their condition and to the price, which we find exaggerated in the extreme, that is, in comparison with the best swivels in the market (the Johnson Stem swivels). Trusting that you will attend to this matter in the proper way and thanking you in advance, we remain, yours very truly, Patorno Touzet & Co., per Ph. J. Patorno.

Not a line of this letter, written about thirty days after the purchase of swivels by plaintiff suggests that defendant had theretofore, in writing or otherwise, notified plaintiff not to pay Blakemore. Plaintiff paid for the swivels on the 18th of July, six days before the letter was written. It is not shown that plaintiff was unduly hasty or precipitate in paying this account, but on the contrary, did so in the usual course, the 18th of the month being the day on which its bills were paid.

A careful consideration of this case satisfies us that the conclusions of the District Judge on the issues, which were largely issues of fact, are correct, and that the judgment should be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby affirmed, costs in both courts to be taxed to defendant.